UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOHAMED ABDULHAMED AHMED,

Petitioner,

v.

MATTHEW PUTRA et al.,

Respondents.

Case No. 1:26-cv-2568

Honorable Jane M. Beckering

# **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the Calhoun County Correctional Facility in Battle Creek, Calhoun County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## **Discussion**

### **I. Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.12.)

In an order entered on September 17, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 4.) On September 22, 2026, Respondents filed a motion for extension of time to file their Response. (Mot., ECF No. 5.) On September 23, 2026, the Court granted Respondents' motion and extended the time for Respondents to respond to the Petition until September 24, 2026. (Order, ECF No. 6.) On September 24, 2026, Respondents filed their response and a recording of the August 27, 2026, bond hearing. (Resp., ECF No. 7; Recording of Aug. 27, 2026, Bond Hearing, filed on Sept. 24, 2026.) Petitioner also filed a motion for extension of time to file his reply that the Court granted. (Mot., ECF No. 8; Order, ECF No. 9.) Petitioner timely filed his reply on October 1, 2026. (Reply, ECF No. 10.)

## II. Relevant Factual Background

Petitioner is a citizen of Yemen who was admitted to the United States on or about November 11, 2019, as the child of a United States citizen. (Pet., ECF No. 1, PageID.2.) On or about December 10, 2019, Petitioner became a lawful permanent resident. (*Id.*) On April 26, 2026, Petitioner was detained by Department of Homeland Security (DHS) agents at the Detroit Metropolitan Airport after returning from travelling to Yemen. (*Id.*, PageID.6.) Petitioner was detained because of his expunged 2024 conviction in Branch County Circuit Court for possession of a controlled substance in violation of Michigan Compiled Laws (MCL) §§ 333.7212(1)(c), 333.7403(2)(a)(v). (*Id.*; Resp., ECF No. 7, PageID.28; 2026 Form I-213, ECF No. 7-1, PageID.51.) Thereafter, Petitioner was served a Notice to Appear (NTA) and placed in removal proceedings pursuant to § 212(a)(2)(A)(i)(II) of the Immigration and Nationality Act (INA).[1] (NTA, ECF No. 7-3, PageID.72.)

[1] After Petitioner was served with the NTA, he filed a motion for relief from judgment in the Branch County Circuit Court regarding his 2024 conviction. (Pet., ECF No. 1, PageID.7.) The

On August 27, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.8.) At the conclusion of the bond hearing, the immigration judge (IJ) denied Petitioner's request for bond because Petitioner "failed to show he was not a danger or a flight risk." (IJ Order, ECF No. 1-1, PageID.14; Recording of Aug. 27, 2026, Bond Hearing, at 14:27–15:15, filed on Sept. 24, 2026.)

## III. Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits.[2] The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in

---

Branch County Circuit Court granted the motion and vacated Petitioner's conviction, amending it to a conviction for possession of marijuana. (July 17, 2026 Branch Circuit Court Order, ECF No. 7-8, PageID.104.) Thereafter, the Branch County Circuit Court entered a new order replacing the July 17, 2026 order, that vacated the marijuana conviction because the court found Petitioner's underlying "plea was involuntary and lacked a factual basis under MCR 6.302, and defense counsel failed to advise [Petitioner] of the mandatory immigration consequences of his plea in violation of *Padilla v. Kentucky*, 559 U.S. 356 (2010)." (July 31, 2026 Branch Circuit Court Order, ECF No. 7-10, PageID.120.) The Branch Circuit Court entered a new conviction for disorderly person in violation of MCL 750.167. (*Id.*)

[2] In Respondents' response in this case, in addition to raising the above-listed arguments, they also argue that the Immigration Court should not have held a bond hearing for Petitioner, arguing that Petitioner is an arriving alien determined to be inadmissible and therefore subject to mandatory detention under § 1225(b)(2)(A), and that Petitioner should be subject to mandatory detention under § 1226(c) for committing an offense identified in § 1182(a)(2). (Resp., ECF No. 7, PageID.32–36.) However, based on the record before the Court, the Immigration Court proceeded with a bond hearing under § 1226(a) and the Immigration Court made a ruling regarding bond under § 1226(a), indicating that the Immigration Court considered Petitioner's detention to be governed by § 1226(a). (*See* IJ Order, ECF No. 1-1-, PageID.14; Recording of Aug. 27, 2026, Bond Hearing, filed on Sept. 24, 2026.) And, at the bond hearing, the Immigration Court did not find that Petitioner was subject to mandatory detention under § 1226(c). To the extent that Respondents believe that the Immigration Court erred by holding a § 1226 bonding hearing for Petitioner, and that instead the Immigration Court should have determined that Petitioner was not eligible for such a hearing or subject to mandatory detention under § 1226(c), those would be arguments to be presented to the Immigration Court or on appeal to the Board of Immigration Appeals, as applicable, not this Court.

*Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## IV. Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## Conclusion

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated: October 14, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge